| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>BCAT REO LLC, grantee under deed from<br>U.S. BANK NATIONAL ASSOCIATION, as<br>trustee for MERRILL LYNCH MORTGAGE<br>INVESTORS TRUST, SERIES 2010-NP1, | **FILED**<br>**CLERK**<br>9/24/2015 1:36 pm<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE** |

         Petitioner,

     -against-

PATRICIA GORDON and BARBARA POWELL,

         Respondents.
-------------------------------------------------------------X

MEMORANDUM & ORDER
15-CV-5093 (SJF)(AKT)

FEUERSTEIN, District Judge:

  In or about March 25, 2015, petitioner BCAT REO LLC ("BCAT") commenced this holdover proceeding against respondents Patricia Gordon ("Gordon") and Barbara Powell ("Powell") (collectively, "respondents") in the First District Court of the State of New York, County of Nassau, Landlord-Tenant Division ("state court"), seeking to evict respondents from the premises located at 561 Kirkby Road, Elmont, New York ("the subject premises"). (*See* Pet. for Removal at 38-39). On August 26, 2015, Gordon, acting *pro se*, filed: (1) a Notice of Removal removing the proceeding to this Court pursuant to, *inter alia*, 28 U.S.C. § 1441 on the basis that this Court has (a) original jurisdiction under 28 U.S.C. § 1332(a), (*see* Pet. for Removal at 2), and (b) supplemental jurisdiction under 28 U.S.C. § 1367 because she had previously commenced a purportedly related proceeding against BCAT, and others, in this Court seeking to quiet title to the subject premises, *Gordon v. First Franklin Financial Corp., et al.*, No. 15-CV-00075(SJF)(AKT); and (2) an application to proceed *in forma pauperis*. Since Gordon's financial status, as set forth in her application to proceed *in forma pauperis*, qualifies her to commence this proceeding in this Court without prepayment of the filing fee, *see* 28

U.S.C. §§ 1914 and 1915(a), the application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the proceeding is *sua sponte* remanded to the state court pursuant to 28 U.S.C. § 1447(c).

DISCUSSION

Pursuant to 28 U.S.C. § 1441, " . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," 28 U.S.C. § 1441(a), but " . . . [a] civil action otherwise removable solely on the basis of [diversity of citizenship] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); *see also Lincoln Property Co. v. Roche*, 546 U.S. 81, 90, 126 S.Ct. 606, 163 L. Ed. 2d 415 (2005) ("An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.'")  Since this case does not present a federal question over which this Court has original jurisdiction, and Gordon is a citizen of the State of New York, (*see* Pet. for Removal at 3), where this proceeding is brought, removal was clearly improper under 28 U.S.C. § 1441.

Although Gordon also asserts this Court's supplemental jurisdiction under 28 U.S.C. § 1367 as a basis for removal, (*see* Pet. for Removal at 2), 28 U.S.C. § 1367 "cannot independently support removal."  *Akers v. Barrett*, No. 14-cv-501-A, 2014 WL 3778591, at *2 (W.D.N.Y., July 30, 2014); *see also Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 706 (8th Cir. 2003)

2

("[A]ncillary jurisdiction does not authorize removal under § 1441."); *Sovereign Bank, N.A. v. Lee*, 968 F. Supp. 2d 515, 518 (E.D.N.Y., 2013) ("While the supplemental jurisdiction statute allows a district court to exercise jurisdiction over claims that are 'so related' that they 'form part of the same case or controversy,' 28 U.S.C. § 1367, that statute cannot form the basis for removal."); *Port Authority of New York and New Jersey v. Allianz Ins. Co.*, 443 F. Supp. 2d 548, 555 (S.D.N.Y., 2006) ("[S]upplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint under 28 U.S.C. § 1441(a)[.]") *McClelland v. Longhitano*, 140 F. Supp. 2d 201, 203 (N.D.N.Y. 2001) (holding that 28 U.S.C. § 1367 is not "an independent source of removal jurisdiction.") "Thus, 'a removal petition ... may not base subject-matter jurisdiction on the supplemental [] jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.'" *Akers*, 2014 WL 3778591, at *2 (quoting *Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 456 (6th Cir.1996)); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294-95 (5th Cir. 2010); *Port Authority*, 443 F. Supp. 2d at 555.

Moreover, 28 U.S.C. § 1446 sets forth the procedural requirements to be followed to remove a civil action to this Court. Pursuant to subsection (a) of that statute,

> "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants* in such action."

28 U.S.C. § 1446(a) (emphasis added). Subsection (b)(1) makes clear that

> "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . , or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter."

28 U.S.C. § 1446(b). In addition, subsection (b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

"[S]tatutory procedures for removal are to be strictly construed," *Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002), and any doubts must be resolved against "removability" "out of respect for the limited jurisdiction of the federal courts and the rights of states. . . ." *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). "[T]he burden is on the removing party to prove that it has met the requirements for removal." *Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (quotations and citation omitted).

Gordon has not demonstrated that her Notice of Removal was timely filed within the thirty (30)-day period prescribed by 28 U.S.C. § 1446(b)(1), as the initial pleading was filed in the state court approximately five (5) months before she filed the Notice of Removal and she does not indicate when she received either a copy thereof or a summons. Moreover, although Gordon indicated in the Notice of Removal that "all of the process and pleadings served in this matter are attached [thereto]," (Pet. for Removal at 4), she clearly did not attach a copy of the affidavit of service indicating when she received the initial pleading or summons in this

4

proceeding[1]; nor does she indicate whether she attached all orders of the state court to the Notice of Removal. Indeed, no orders of the state court are attached to the Notice of Removal, even though Gordon apparently filed an order to show cause to dismiss or stay the state court proceeding in July 2015. (*See* Pet. for Removal, Ex. C). Thus, Gordon also failed to establish that she met the requirements of 28 U.S.C. § 1446(a).

Furthermore, Gordon has not established that she met the requirements of 28 U.S.C. § 1446(b)(2)(A), as she does not indicate whether Powell, her co-defendant, "join[s] in or consent[s] to the removal of the [proceeding]" to this Court. Accordingly, this action is *sua sponte* remanded to the state court pursuant to 42 U.S.C. § 1447(c). *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (recognizing that a district court may *sua sponte* remand a case for a procedural defect within thirty (30) days of the filing of the Notice of Removal); *accord Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993).

The Clerk of the Court shall: (1) mail a certified copy of this Order to the clerk of the First District Court of the State of New York, County of Nassau, Landlord-Tenant Division, pursuant to 42 U.S.C. § 1447(c); (2) close this case; and, (3) pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

---

[1] Gordon clearly possesses an affidavit of service indicating when she received the initial pleading or summons, as she attached to the Notice of Removal an "Affidavit in Support of Dismissal or Stay of Action" that she filed in the state court, wherein she indicated, in relevant part, that "[t]he affidavit of service states that one 'Moses Crawford' was served as a person of suitable age and discretion as substituted service for your affiant." (Pet. for Removal, Ex. C at 5-6, ¶ 13). Gordon avoids any mention of when she was purportedly served with process, or when she received the initial pleading, summons or affidavit of service, in both that affidavit and the Notice of Removal.

5

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

/s/
Sandra J. Feuerstein
United States District Judge

Dated: September 24, 2015
Central Islip, New York